UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY PROSSER,<br><br>              Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | No.  2:14-cv-0009 CKD<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born June 20, 1965, applied on January 5, 2010 for DIB, alleging disability beginning December 31, 2008.  Administrative Transcript ("AT") 149.  Plaintiff alleged she was unable to work due to back and neck pain, numbness down the right leg and arm, migraines, and depression.  AT 169.  In a decision dated July 13, 2012, the ALJ determined that plaintiff was not

/////

disabled.[1]  AT 16-34.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2.  The claimant has not engaged in substantial gainful activity since December 31, 2008, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: degenerative disk disease of the cervical and thoracic spine and migraine headaches.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

/////

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in [the regulations] except the claimant can stand and/or walk for six hours in an eight-hour workday. She can sit for six hours in an eight-hour workday. She can frequently climb ramps and stairs, and can frequently balance, kneel, crouch, or crawl. She can occasionally climb ladders, ropes, or scaffolds, and can occasionally stoop.
>
> 6. The claimant is capable of performing past relevant work as a human resourced [sic] clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2008, through the date of this decision.

AT 18-34.

ISSUES PRESENTED

Plaintiff contends the ALJ improperly rejected a record medical opinion.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see

also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff contends the ALJ improperly rejected the opinion of E. Gary Starr, M.D.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala , 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes , 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

/////

1    Dr. Starr proffered two record medical opinions.  The first, dated December 17, 2010 was
2 based on a review of plaintiff's history, review of radiological studies and physical examination.
3 Dr. Starr opined that plaintiff's functional limitations were at a less than sedentary level.  AT 397.
4 On February 24, 2012, Dr. Starr provided an updated functional capacity evaluation which
5 assessed plaintiff with the same limitations found in the first assessment.  AT 411.

6    Plaintiff contends that Dr. Starr should be considered a treating physician.  At the hearing,
7 plaintiff's counsel represented that he did not have treatment records for Dr. Starr but that
8 plaintiff had been referred to Dr. Starr for evaluation by her treating physicians.  AT 46.
9 Plaintiff's counsel also indicated that Dr. Starr does "evaluations for Social Security." AT 46.
10 The ALJ correctly noted that plaintiff saw Dr. Starr only two times and considered him not to be a
11 treating physician.  AT 29.  Whether Dr. Starr is a treating or consultative examining physician is
12 a moot point, however, because the reasons the ALJ set forth for rejecting Dr. Starr's opinion
13 meet the standards set forth above.

14    The ALJ thoroughly addressed all of the record medical opinions, which in this case were
15 widely divergent.  AT 25-31.  In May, 2010, Dr. Gerson performed an internal medicine
16 consultative examination.  AT 302-307.  Dr. Gerson opined that plaintiff could occasionally lift
17 40 pounds and frequently lift 15 pounds.  AT 306.  He assessed plaintiff with the ability to stand
18 and/or walk up to 6 hours in an 8 hour workday and sit for 6 hours or more in an 8 hour workday.
19 Postural capacities were frequent or occasional for all categories. The only environmental
20 restrictions were occasional limitations around moving machinery.  AT 307.

21    Another consultative examiner, Dr. Uraine, opined in May, 2012, that plaintiff had no
22 functional limitations whatsoever.  AT 440-443.  Plaintiff's treating physician, Dr. Price, in May
23 2009 noted that plaintiff's cervical range of motion was better than his and that he could not
24 support plaintiff's request for disability.  AT 366.  The state agency physician, after reviewing
25 plaintiff's medical records, opined in June, 2010 that plaintiff could perform a significant range of
26 light work.  AT 320-322.  This opinion was confirmed by another state agency physician in
27 December, 2010.  AT 382.
28 /////

In contrast to these opinions, Dr. Starr opined that plaintiff had a less than sedentary residual functional capacity. The ALJ also considered the statement of Edie O'Connor, a physician's assistant who treated plaintiff and opined that plaintiff was unable to work due to pain and severe functional limitations.[2]  AT 354. It was within the province of the ALJ to resolve these conflicting opinions.

In assigning little weight to the opinion of Dr. Starr, the ALJ considered the inconsistency between Dr. Starr's own examination findings and the extreme limitations he assessed. AT 30. The ALJ also noted that the extreme limitations appeared to be based on plaintiff's subjective complaints, which were properly discredited and which credibility finding is not challenged here. In addition, the ALJ considered the entirety of the medical record, noting that the imaging studies did not support the extreme limitations assessed by Dr. Starr and such limitations were inconsistent with plaintiff's conservative medical treatment. AT 30, 51 (plaintiff testified she was not a surgical candidate and did not undergo treatment modalities such as massage, epidural steroid injections, or pain management). The factors considered by the ALJ in rejecting Dr. Starr's opinion are specific and legitimate and supported by substantial evidence.

The ALJ's assessment of plaintiff's residual functional capacity properly accounted for the limitations the ALJ found to be supported by the record. In doing so, the ALJ rejected the less restrictive residual functional capacities assessed by consultative examining physicians Dr. Uraine and Dr. Gerson,[3] to which plaintiff objected. AT 26-27, 31. The ALJ properly accorded significant weight to the opinions of the state agency physicians which were supported by substantial evidence in the record as a whole. AT 26-27. There was no error in the ALJ's evaluation of the record medical evidence.

---

[2] The ALJ correctly noted that the physician's assistant was not an acceptable medical source. Nevertheless, the ALJ considered the supportability of this statement and found that the lack of objective findings and plaintiff's conservative treatment undermined this opinion and assigned it little weight. AT 30.

[3] The ALJ completely rejected the opinion of Dr. Uraine and only adopted the postural limitations assessed by Dr. Gerson, rejecting the exertional limitations set forth in Dr. Gerson's report.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  May 11, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 prosser.ss